IN THE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2025 JUL 14 AM 11: 07
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

| | |
|---|---|
| JEFFREY SKELDON,<br>  Plaintiff,<br><br>v.<br><br>METROPOLITAN GOVERNMENT OF<br>NASHVILLE AND DAVIDSON COUNTY,<br>ANTHONY L. HAYES, and DAD'S TOWING<br>SERVICES, INC.,<br>  Defendants. | §<br>§ Case No. 3:25-cv-00777<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. JURY DEMAND

1. This action seeks money damages because of Defendants participation in the wrongful deprivation of Plaintiff's property. Plaintiff alleges that all of the Defendants acted under color of state law and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States as well as 42 U.S.C. § 1983.

### II. JURISDICTION & VENUE

2. This Court has jurisdiction over Plaintiff's federal claim under 28 U.S.C. §§ 1331 and 1343.

3. Venue in the United States District Court for the Middle District of Tennessee, Nashville Division is proper pursuant to 28 U.S.C. § 1391.

### III. PARTIES

4. Plaintiff is Jeffrey Skeldon, a United States adult citizen who resides at 820 N. Summerfield Drive, Madison, Davidson County, Tennessee, 37115, 469-422-9338, veronicaskeldon@yahoo.com.

5. Defendant is Metropolitan Government of Nashville and Davidson County

1 of 11

("Metropolitan"), the local governmental unit for which Defendant Hayes worked at all times relevant hereto. Defendant Metropolitan can be served by serving its legal agent, Austin Kyle, Metropolitan Clerk, Metropolitan Government of Nashville and Davidson County, Historic Metro Courthouse, 1 Public Square, Suite 205, Nashville, Davidson County, Tennessee 37201, 615-862-6770, metroclerk@nashville.gov.

6. Defendant is Anthony L. Hayes ("Hayes"), an employee of Metropolitan Government of Nashville and Davidson County, employee number 382345, job title Compliance Inspector 2, Department of Transportation & Multimodal Infrastructure (NDOT), 750 S. 5th St, Nashville, Davidson County, Tennessee, 37206, 615-862-5000, metroclerk@nashville.gov. At all times relevant hereto, Defendant Hayes acted in concert with the other Defendants and under color of state law. Defendant Hayes is sued both in his official and individual capacity. Defendant Hayes can be served by serving Metropolitan's legal agent, Austin Kyle, Metropolitan Clerk, Metropolitan Government of Nashville and Davidson County, Historic Metro Courthouse, 1 Public Square, Suite 205, Nashville, Davidson County, Tennessee, 37201, 615-862-6770, metroclerk@nashville.gov.

7. Defendant is Dad's Towing Services, Inc. ("Dad's Towing"), a towing and impoundment company operating under contract with Defendant Metropolitan Government of Nashville and Davidson County. Defendant Dad's Towing acted in concert with the other Defendants in the wrongful taking of Plaintiff's vehicle. The address of Defendant Dad's Towing is 1119 E. Old Hickory Blvd, Madison, Davidson County, Tennessee, 37115, 615-833-3703, dispatch@dadstowingservice.com. Defendant Dad's Towing is a Tennessee for-profit corporation and can be served by serving its Registered Agent, Corporation Service Company, 2908 Poston Ave, Nashville, Davidson County, Tennessee, 37203-1312.

## IV. FACTS

8. On July 15, 2024, Plaintiff's vehicle was safely and legally parked on the street, directly in front of Plaintiff's residence at 820 N. Summerfield Drive, Madison, Davidson County, Tennessee,

37115. Plaintiff resides in a quiet and secluded subdivision with minimal traffic; parking on the street is perfectly legal at this street address.

9. Plaintiff's vehicle is a 2006 Ford Explorer, VIN 1FMEU62E06UA43109, Kansas Title, Kansas Registration Number 189NSM.

10. Plaintiff's vehicle is jointly and legally titled with Plaintiff's spouse, Veronica L. Skeldon, a United States adult citizen, a joint resident at 820 N. Summerfield Drive, Madison, Davidson County, Tennessee, 37115, cell phone number 316-573-6382, email veronicaskeldon@gmail.com or veronicaskeldon@yahoo.com.

11. On Monday, July 15, 2024, at approximately 8:42am, Plaintiff's spouse noticed that our 2006 Ford Explorer was in the process of being hooked up to a tow truck by Defendant Hayes and a tow truck driver from Defendant Dad's Towing. Plaintiff's spouse immediately went outside to vigorously dispute and contest the legality of Defendants actions and told them that the vehicle belonged to Plaintiff and that the vehicle was safely and legally parked in front of Plaintiff's house.

12. Defendant Hayes told Plaintiff's spouse that our vehicle was being ticketed and towed because our vehicle is illegally parked in the middle of the roadway and that it is illegal to park on the street because our house has a long driveway.

13. Defendant Hayes told Plaintiff's spouse that he had been waiting for over 30 minutes in front of our house for the arrival of the tow truck driver and that he and the tow truck driver from Defendant Dad's Towing were trying to figure out who the vehicle belonged to.

14. On the street, Plaintiff's spouse challenged both Defendant Hayes and the tow truck driver from Defendant Dad's Towing on why they would tow our vehicle from the front of our house without simply verifying that the vehicle belonged to the residents of the house.

15. This simple and easy act of verification would only take several minutes of Defendants time.

16. Defendant Hayes, with total indifference, responded that our vehicle has out of state plates and that he does not know who the vehicle belongs to. Defendant Hayes and the tow truck driver from Defendant Dad's Towing then hurriedly proceeded to drive away from Plaintiff's property with Plaintiff's seized vehicle. Plaintiff's spouse was standing on the street next to our vehicle visibly shaken by Defendants actions.

17. Defendant Hayes was dressed in uniform with the imposing emblem "METROPOLITAN ENFORCEMENT OFFICER DAVIDSON COUNTY" emblazoned on a bright green polo shirt. Defendant Hayes was driving a Metropolitan government issued white Chevrolet Malibu sedan with Tennessee registration 7978-GH with flashing rooftop lights running positioned behind Plaintiff's parked vehicle.

18. Plaintiff's spouse felt physically intimidated by the presence of Defendant Hayes and would have resisted Defendant Dad's Towing attempt to seize the vehicle if Defendant Hayes had not been present.

19. Defendant Dad's Towing succeeded in taking Plaintiff's vehicle in the presence of, and with the active cooperation of Defendant Hayes.

20. Defendant Dad's Towing Dodge RAM truck number was USDOT1572111/MC595682-C; the tow ticket number was 319051. The tow truck driver refused to identify himself to Plaintiff's spouse when asked for his identification and stated that he is following orders from Defendant Hayes and that he is operating under contract with Defendant Metropolitan.

21. Defendant Dad's Towing tow truck was positioned with its front driver side wheel on our private driveway; the front end of the tow truck was obstructing the entrance to our private driveway.

22. Plaintiff was issued a written citation by Defendant Hayes, Parking Violation Notice 3627948, MCL 12.40.040 (A) (1) (f), Tow Away Zone, Parked in Traffic Lane.

23. The amount of the fine was $94.00.

24. Plaintiff's vehicle was legally parked in accordance with the parking code of Metropolitan Government of Nashville and Davidson County, specifically Chapter 12.40 - PARKING.

25. Plaintiff's vehicle was legally parked when it was towed.

26. Plaintiff's vehicle was safely parked when it was towed.

27. Plaintiff's vehicle had not been involved in a traffic accident when it was towed.

28. Plaintiff's vehicle was not interfering with the flow of traffic when it was towed.

29. It is not against the code to legally park a vehicle with out-of-state plates on the street.

30. It is not against the code to legally park a vehicle on the street in front of a residence with a long driveway.

31. Plaintiff's vehicle was legally titled, registered and insured.

32. Plaintiff's vehicle was not involved in criminal activity or under criminal investigation.

33. There were no exigent circumstances that led Defendants to tow Plaintiff's vehicle.

34. Defendants failed to perform due diligence and use sound judgment.

35. Defendants actions were emotionally disturbing to Plaintiff's spouse and the Defendants manner of seizing the vehicle was a breach of the peace.

36. Defendants actions were a breach of Metropolitan's duty of care and its mission to protect and serve the citizens of Davidson County.

37. The seizure of Plaintiff's vehicle was unreasonable.

38. Plaintiff filed a complaint disputing and contesting the wrongful seizure and continued possession of Plaintiff's vehicle with Defendant Dad's Towing on July 15, 2024, August 14, 2024, August 22, 2024, and October 31, 2024. Plaintiff demanded the return of the vehicle without cost to Plaintiff.

39. The towing and/or impoundment of vehicles for an alleged parking ticket is a government function. Defendant Metropolitan delegated that public function to Defendant Dad's Towing, a privately owned unaccountable nonresponsive Tennessee for-profit corporation.

40. Plaintiff and Plaintiff's spouse received a written Demand for payment dated July 22, 2024, from Defendant Dad's Towing for the amount of $2,315.39, payable immediately.

41. The demand for payment from Defendant Dad's Towing is excessive and disproportionate to the alleged value of a disputed minor parking violation.

42. The Defendants towing and impoundment scheme for minor parking tickets is punitive in nature.

43. Plaintiff has never received a response from Defendant Dad's Towing in respect to Plaintiff's dispute.

44. Defendant Dad's Towing failed to act and/or intervene in Plaintiff's dispute.

45. Plaintiff believes that Defendant Dad's Towing has disposed of Plaintiff's vehicle.

46. Plaintiff filed a complaint disputing and contesting the wrongful seizure of Plaintiff's vehicle and parking citation by written and in-person communication with Defendant Metropolitan.

a. Specifically, by written communication on July 17, 2024, with Metroplitan Department of Transportation & Multimodal Infrastructure (NDOT).

b. On July 22, 2024, an in-person complaint was made with the direct superiors of Defendant Hayes, specifically Marcus D. Jackson, Transportation Superintendent and Phillip W. Jones, Transportation Assistant Director of NDOT.

c. On August 8, 2024, by written communication with the Metropolitan Police Department, Office of Professional Accountability.

d. On August 11, 2024, by written communication with Metropolitan Mayor Freddie O'Connell.

e. On August 15, 2024, by written communication with Metropolitan Transportation Licensing Commission.

47. Defendant Metropolitan failed to respond, act and/or intervene in Plaintiff's dispute.

48. Defendant Metropolitan failed to provide Plaintiff with Discovery per Plaintiff's multiple requests for Discovery prior to the court trial of Parking Violation Notice 3627948 in General Sessions

6 of 11

Case 3:25-cv-00777    Document 1    Filed 07/14/25    Page 6 of 13 PageID #: 6

Court, Metropolitan Nashville and Davidson County, before the Honorable Judge John Aaron Holt on October 3, 2024, and on December 3, 2024.

49. Defendant Hayes made false statements under penalty of perjury during the trial in General Sessions Court. Defendant Hayes stated in court that Plaintiff's vehicle was parked in the middle of the street, and that the vehicle was blocking traffic and that he almost had a collision with Plaintiff's vehicle when he arrived at Plaintiff's residence on July 15, 2024.

50. Plaintiff was found Guilty by the Honorable Judge John Aaron Holt on December 3, 2024, after an extremely quick trial in a busy courtroom based on the testimony of Defendant Hayes. Plaintiff was found Guilty by the Honorable Judge John Aaron Holt before Plaintiff had an opportunity to complete the cross-examination of Defendant Hayes or call Plaintiff's witness Veronica L. Skeldon to the stand or to present evidence in defense of Plaintiff's case.

51. Defendant Hayes actions were a violation of the Metropolitan Code, Chapter 6, Employee Conduct, Disciplinary Action and Grievance Procedures.

52. Plaintiff appealed General Sessions Case No. 3627948 to the First Circuit Court for Davidson County, Tennessee, Case No. 24C2918.

53. Prior to the trial date of Plaintiff's appeal, First Circuit Court Case No. 24C2918, which was scheduled for trial on June 18, 2025, the Metropolitan Department of Law conducted an investigation and determined that Parking Violation Notice 3627948 was issued in error and sought the dismissal of the charges in Case No. 24C2918.

54. The agreed dismissal was Ordered, Adjudged and Decreed by the Honorable Judge C. David Briley, First Circuit on February 24, 2025. The Metropolitan Department of Law attorney was Ann Mikkelsen, #032262, Assistant Metropolitan Attorney, 108 Metropolitan Courthouse, P.O. Box 196300, Nashville, Tennessee 37219-6300, 615-862-6341, ann.mikkelsen@nashville.gov.

55. Defendants did not have a court order permitting the pre-seizure and/or post-seizure of Plaintiff's vehicle.

7 of 11

Case 3:25-cv-00777    Document 1    Filed 07/14/25    Page 7 of 13 PageID #: 7

56. None of the Defendants afforded Plaintiff an opportunity to be heard prior to the seizure of the vehicle, or after the seizure of the vehicle and/or before disposal of the vehicle.

57. The seizure of Plaintiff's vehicle and the continued possession and disposal of Plaintiff's vehicle was unreasonable.

58. As a proximate result of Defendants actions, Plaintiff has been deprived of his vehicle, has incurred expenses for alternate transportation, and has suffered extreme embarrassment, shame, anxiety, and mental distress.

## V. CLAIM

### 42 U.S.C. § 1983--Against All Defendants

59. Plaintiff incorporates the preceding paragraphs by reference as if fully rewritten herein.

60. Defendants at all times relevant to this action were acting under color of state law.

61. Defendants unlawfully deprived Plaintiff of his property without due process of law pre-deprivation and post-deprivation in violation of the Fourteenth Amendment to the Constitution of the United States.

62. Defendants made an unreasonable and warrantless initial seizure and continuous seizure of Plaintiff's personal property in violation of the Fourth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

63. Defendants unlawfully deprived Plaintiff of his property by Taking Without Just Compensation in violation of the Takings Clause of the Fifth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States.

64. Defendants unlawfully deprived Plaintiff of his property by imposing an Excessive Fine in violation of the Eighth Amendment to the Constitution of the United States as incorporated and applied to the states by way of the Fourteenth Amendment to the Constitution of the United States. The

demand for payment from Defendant Dad's Towing, a Tennessee for-profit corporation, is disproportionate to the alleged value of Plaintiff's disputed minor parking violation.

65. Without Plaintiff's consent, Defendants intentionally deprived Plaintiff of his rightful possession of the vehicle.

66. At all times relevant hereto, these Defendants acted with malice, recklessness and total and deliberate disregard for the contractual and personal rights of Plaintiff.

67. At all times relevant hereto, Defendant Hayes acted pursuant to a policy or custom of Defendant Metropolitan in depriving its citizens of personal property without court order and without providing an opportunity for the citizen to be heard.

68. Defendant Metropolitan failed to adopt clear policies and failed to properly train its employees as to the proper role of its employees in the prevention of wrongfully ticketing and wrongfully towing of citizens vehicles.

69. Defendant Metropolitan's policy or custom, and its failure to adopt clear policies and failure to properly train its employees, were a direct and proximate cause of the constitutional deprivation suffered by Plaintiff.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

A. A judgment for compensatory damages in an amount to be determined at trial, plus reasonable attorney fees pursuant to 42 U.S.C. § 1988, against all Defendants;

B. A judgment for punitive damages in an amount to be determined at trial, against Defendant Hayes and Defendant Dad's Towing;

C. A jury trial on all appropriate issues;

D. An award of costs and expenses against the Defendants;

E. Any and all other relief this Court may deem appropriate.

## VII.  VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

Respectfully Submitted,

*Jeffrey Skeldon*

Jeffrey Skeldon, Pro Se

820 N. Summerfield Drive

Madison, Davidson County, TN. 37115

Cell: 469-422-9338

veronicaskeldon@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served via the UNITED STATES DISTRICT COURT and on all parties registered and to any non-registered parties by U.S.P.S. certified mail and/or email, specifically to:

For Defendants METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY and ANTHONY L. HAYES:

Austin Kyle, Metropolitan Clerk,

Metropolitan Government of Nashville and Davidson County,

Historic Metro Courthouse,

1 Public Square, Suite 205,

Nashville, Davidson County, Tennessee, 37201

For Defendant DAD'S TOWING SERVICES, INC.:

Corporation Service Company,

2908 Poston Ave,

Nashville, Davidson County, Tennessee, 37203-1312.

on this the \_\_\_14\_\_\_ day of \_\_\_JULY\_\_\_, 2025

_____
Jeffrey Skeldon, Pro Se

Plaintiff

Office of the
CLERK OF COURT



615-736-5498



FILED
2025 JUL 14 AM 11: 09
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

# CONSENT TO ELECTRONIC SERVICE

Case No. 3:25-00777        Print Full Name: JEFFREY SKELTON

I consent to receive electronic service of all documents filed in this case via the Court's Electronic Case Management (ECF) system.

All notices and electronic filings for the above-captioned case(s) should be sent to me at the email address below.

I understand that I will no longer receive paper copies of any documents issued by the court or electronically filed by other parties to this case.

I understand that this consent applies only to the case listed above, and that if I file additional cases in which I would like to receive electronic service of documents, I must file a consent form in each case.

I understand that I will receive a notice of electronic filing by e-mail when the court enters an order, or when a party files a document through CM/ECF. Upon receipt of the notice of electronic filing by e-mail, I will be permitted one "free look" at the filed document by clicking on the hyperlinked document number, and I must download the document to my own files to access it again without charge. I understand that one 'free look' and opportunity to download the document will expire 14 days from the date the notice was sent.

If my email address changes, I must promptly notify the Clerk in writing of my new email address. It is my responsibility to ensure that the Court has my correct email address so that I receive all filings in a timely manner.

I must promptly notify the Clerk in writing if I want to withdraw my consent to electronic service. I understand that withdrawal of consent will be effective as of the date and time the notice is docketed in my case.

Date: 7/14/25         Signature: Jeffrey Skelton

Telephone: 469-422-9338         E-mail Address: VERONICASKELDON@YAHOO.COM

Mailing Address: 820 N. SUMMERFIELD DRIVE, MADISON, TN. 37115

# CIVIL COVER SHEET

JS 44 (Rev. 03/24)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JEFFREY SKELDON, PRO SE

**(b)** County of Residence of First Listed Plaintiff: DAVIDSON
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY

County of Residence of First Listed Defendant: DAVIDSON
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
*(For Diversity Cases Only)*

## IV. NATURE OF SUIT
[X] 440 Other Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 42 U.S.C. 1983

Brief description of cause: DEPRIVATION OF CONSTITUTIONAL RIGHTS

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY

DATE: 7/14/25

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY